IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Morris,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-13-1313-TUC-CKJ-LCK<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Phillip Morris, presently incarcerated at the Arizona State Prison in Eloy, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation.[1] Before this Court are the Petition (Doc. 1) and Respondents' Answer (Doc. 14). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Petition on the ground that it is time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the Superior Court of Cochise County, Morris pled guilty to burglary in the second degree. (Doc. 14, Exs. G, D.) On June 13, 2011, the court sentenced Morris to 15 years imprisonment. (Doc. 14, Ex. E.)

On October 18, 2011, Morris filed a Notice of Post-Conviction Relief (PCR).

---

[1] This case was referred to the current Magistrate Judge on May 10, 2016. (Doc. 25.)

(Doc. 14, Ex. I.) Morris asserted that his failure to file a timely Notice of PCR was without fault on his part. (*Id.*) The State filed a response to Morris's PCR Petition and moved to strike it because the Petition was filed late without any explanation. (Doc. 14, Ex. L.) On February 24, 2012, the trial court dismissed the PCR Petition as untimely. (Doc. 14, Ex. M.) Morris moved to vacate the dismissal order, arguing that he had filled out an earlier, timely Notice of PCR while in the county jail, but that this form was never filed by the court. (Doc. 14, Ex. N.) Because he never received a response from the court about his first PCR filing, he filed another one on October 18, 2011. (*Id.*) On March 14, 2012, the trial court denied the motion to vacate the dismissal order, dismissed the Notice of PCR, and struck the Petition for PCR. (Doc. 14, Ex. S.)

On April 13, 2012, Morris filed a petition for review in the Arizona Court of Appeals. (Doc. 14, Ex. U.) The court of appeals granted review but denied relief, holding that Morris's Notice of PCR was untimely with no "meritorious reasons" for why it was filed late. (Doc. 14, Ex. V.) Furthermore, the court held:

> Accordingly, pursuant to Rule 32.2(b), the trial court was required to summarily dismiss the notice. And, given that the time limits of Rule 32.4 are jurisdictional, *see* A.R.S. 13-4234(G), and therefore cannot be waived by the state, *see State v. Silva*, 222 Ariz. 457, ¶ 9, 216 P.3d 1203, 1205 (App. 2009), the court had no authority to do otherwise.

(*Id.*)

On October 7, 2013, Morris submitted the Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) The State filed a limited Answer to the Petition on February 19, 2014. (Doc. 14.) Morris did not file a reply.

## **DISCUSSION**

Respondents argue that Morris's Petition is time-barred because it violates the statute of limitations.

### **Statute of Limitations and Statutory Tolling**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-

year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Morris's conviction became final. By pleading guilty, Morris waived his right to file a direct appeal; his only option was to file a PCR Petition pursuant to Rule 32. Ariz. R. Crim. P. 17.2(e). The Ninth Circuit held in *Summers v. Schriro* that a Rule 32 of-right proceeding is a form of direct review, and so the "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." 481 F.3d 710, 711 (9th Cir. 2007). Morris was sentenced on June 13, 2011, and had 90 days to initiate post-conviction proceedings, or until September 12, 2011.[2] Ariz. R. Crim. P. 32.4(a). Morris did not file a Notice of PCR by that date. Thus, Morris's 1-year statute of limitations period provided by the AEDPA began to run on September 13, 2011.

28 U.S.C. § 2244(d)(2) provides that the time during which a "properly filed application for State's post-conviction" review is pending shall not be counted toward any period of limitation. However, an untimely state post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Because Morris's PCR proceeding initiated on October 18, 2011, was

---

[2] The 90 days expired on September 11, which was a Sunday. Therefore, Morris had until September 12 to file a Notice of PCR.

- 3 -

untimely and, therefore, not properly filed, it did not toll the limitations period.[3]

Morris's PCR proceeding did not entitle him to statutory tolling, therefore, the limitations period expired on September 13, 2012. Morris did not file his Petition for Writ of Habeas Corpus until October 7, 2013. Because Morris filed the Petition more than one year after the statute of limitations expired, the Petition is statutorily time-barred.

**Equitable Tolling**

Morris has not argued an entitlement to equitable tolling. However, based on the state court record, the Court evaluates whether tolling is warranted. Petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. The diligence required for tolling is "reasonable diligence" as opposed to "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). Thus, the effort needed is that expected of a reasonable person under those particular circumstances. *Id*. at 1015. Furthermore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

In state court, Morris argued that he submitted a PCR Notice immediately after his June 13, 2011 sentencing, but the court failed to file it. In support of that argument, Morris produced a copy of a Notice of PCR dated June 16, 2011. (Doc. 14, Ex. Q.) Even accepting the truth of that statement, Morris failed to follow-up in a reasonable period of time. At sentencing, the judge informed Morris that he had 90 days to file a written

---

[3] In his Habeas Petition, Morris states that he filed a second PCR proceeding on April 4, 2013. Neither Morris nor the State provided any documentation of such a proceeding. Regardless, a state PCR petition, even one properly filed under state law, does not extend an already expired federal limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). As discussed below, the limitations period expired on September 13, 2012.

petition for review and that he had the right to an attorney if he needed one. (Doc. 14, Ex. E.) In the unfiled June Notice, Morris requested appointment of counsel. (Doc. 14, Ex. Q.) Further, on July 20, 2011, trial counsel confirmed in writing to Morris that he no longer represented him. (Doc. 14, Ex. N.) Thus, Morris knew that he had 90 days to submit a PCR Notice and that he was no longer represented by trial counsel. However, Morris did not submit another PCR Notice until October 18, 2011— over a month past the 90-day deadline. Under these circumstances, a "reasonable person" could be expected to submit his notice within the allowed three-month period. Morris did not act with reasonable diligence when he waited over four months to file a PCR Notice.

Morris also must establish that there was an extraordinary circumstance that prevented him from timely filing a Petition in this Court. Equitable tolling is only available when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman*, 319 F.3d at 1202 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Although Morris argues that the state court failed to file his first PCR Notice, that did not preclude timely filing a federal Petition. *Pace* established that an untimely post-conviction petition was not "properly filed" for the purposes of § 2244(d)(2). 544 U.S. at 410. After the 2005 decision in *Pace*, Morris had notice that statutory tolling would be unavailable if his state petition was denied as untimely. *See Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011). *Pace* advised that state prisoners, such as Morris, could file a "protective" petition in federal court in order to avoid a potential timeliness bar. 544 U.S. at 416; *Lakey*, 633 F.3d at 787. Morris did not do so; therefore, the fact that his PCR Petition was found to be untimely did not make it impossible to file on time in this Court. Additionally, ignorance of the law is not an extraordinary circumstance and does not form a basis for equitable tolling. *Rasberry*, 448 F.3d at 1154. Thus, even if Morris was unaware of his option to file a protective petition in federal court or of the one-year AEDPA statute of limitations period, he is not excused and is not entitled to equitable tolling. Morris also never filed a Reply to the State's

Answer to the Petition, thus, forfeiting his opportunity to explain any reasons why he failed to timely file.

Morris has neither established that he diligently pursued his rights nor that an extraordinary circumstance prevented him from timely filing his Habeas Petition. Therefore, he is not entitled to equitable tolling and the Petition is time-barred.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus as untimely.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CIV 13-1313-TUC-CKJ**.

Dated this 1st day of July, 2016.

Honorable Lynnette C. Kimmins
United States Magistrate Judge